**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LESTER KAUFFMAN, as Trustee of the** | : | |
| **Union Trowel Trades Benefit Funds of** | : | |
| **Central Pennsylvania, et al.,** | : | |
| **Plaintiffs** | : | **Civil Action No. 1:11-cv-01746** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **SPECIALTY FLOORING SYSTEMS,** | : | |
| **Inc.,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Presently pending before the Court is Plaintiffs' motion for default judgment.  (Doc. No.

6.)  As Defendant has yet to appear or defend in this action, no opposition to the motion has been

filed.  For the reasons that follow, the Court will grant the motion.

**I.      BACKGROUND**

On September 19, 2011, Plaintiffs brought this action pursuant to sections 502(a)(3) and

515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

1132(a)(3), 1145.  (Doc. No. 1.)  Plaintiffs allege that Defendant is a party to a multi-employer

collective bargaining agreement ("the Agreement"), which requires Defendant to make

contributions to the Union Trowel Trades Benefit Fund ("Local Funds") as well as the

Bricklayers and Trowel Trades International Pension Funds and the International Masonry

Institute ("International Funds") ("the Funds").  (Id. ¶¶ 3-6.)  The Agreement requires Defendant

to pay liquidated damages and interest in the event that it fails to make timely contributions.[1]

_____

[1] Section 3 of Article XV of the Agreement states:

If the Em ployer s hall fail to m ake any contributions to the funds

(Id. ¶¶ 10, 14.)  Plaintiffs aver that Defendant failed to make contributions under the terms of the Agreement.  (Id. ¶¶ 15, 17.)  Specifically, the complaint states that Defendant made untimely payments of its required contributions for the months of April, May, June, July, and August 2011 and, therefore, Plaintiffs are entitled to liquidated damages and interest.  (Id. ¶¶ 15-18.)

In his affidavit, Plaintiff Lester Kauffman provides calculations of liquidated damages and interest Defendant owes the Funds as a result of its failure to pay the required contributions for the months of April, May, June, and July 2011 as well as calculations of the amount of the unpaid contributions for the month of July 2011.[2]  (Doc. No. 6 ¶¶ 40-41.)

> when same shall be due and payable, it shall be considered delinquent and in breach of  this A greement and shall pay as an additional amount to cover bookkeeping costs and other incidental expenses the sum of twenty (20) dollars, or ten (10) percent of the amount of the delinquent payment, whichever is greater, plus interest at the rate of one and one-half (1-1/2) percent per month until paid to each Fund. In addition, the Employer shall be liable for the reasonable expenses, including attorney fees and accountant fees, incurred by each fund in the collection of the Employer's contributions.

(Doc. No. 6 at 31; see also id. at 30 (Section 4 of Article XIV)).

Section 5 of Article XV of the Agreement states:

> Contributions and payments that the Employer is required to m ake under this Agreement to the Funds shall be made monthly, and shall be accompanied by report in the form  prescribed by the Union and the Funds.  The c ontributions and paym ents and report for each month shall be due on or before the 15th of the following m onth. One report and one check encom        passing all paym ents and contributions due  to the Union and all Funds shall be sent to the collection agent designated by the Union and the Funds.

(Id.)

[2] Despite the allegations in the complaint, the affidavit does not contain any information regarding Defendant's failure to remit contributions to the Funds for the month of August 2011.

The record shows that, although Defendant was properly served with the summons and complaint (Doc. No. 3), Defendant has not appeared, answered, moved, or otherwise responded to the pleading.  After Defendant failed to respond to the pleading, Plaintiffs requested, and the Clerk of Court entered, default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (Doc. Nos. 4, 5.)  Now before the Court is Plaintiffs' motion for entry of default judgment and their brief in support.  (Doc. Nos. 6, 7.)

## II.    DISCUSSION

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b).  Entry of default does not entitle a claimant to default judgment as a matter of right.  10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010).  Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to either render default judgment or refuse to render default judgment rests in the discretion of the district court.  See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).  In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable.  See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).  However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant

3

to Rule 55(c).  As the United States Court of Appeals for the Third Circuit has explained:

> In most instances where a party's right to prosecute or defend would
> be terminated as a sanction, the moving party has the burden of
> creating a record showing the appropriateness of this ultimate
> sanction and the district court has the responsibility of making a
> determination on that issue in light of considerations like those
> articulated in <u>Poulis</u>.  When a defendant fails to appear and perhaps
> under other circumstances covered by Rule 55, the district court or its
> clerk is authorized to enter a default judgment based solely on the
> fact that the default has occurred. Even in those situations, however,
> consideration of <u>Poulis</u> type factors is required if a motion to lift the
> default is filed under Rule 55(c)  or Rule 60(b) and a record is
> supplied that will permit such consideration.

<u>Anchorage Assocs. v. V.I. Bd. of Tax Review</u>, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Here, it is clear that the factors weigh in favor of granting a default judgment.  First, there is a risk of prejudice to Plaintiffs if default is denied.  Plaintiffs aver that Defendant's failure to make the required contributions has deprived and will continue to deprive Plaintiffs of investment opportunities.  (Doc. No. 7 at 8.)  Plaintiffs also argue that there is a risk of prejudice to the beneficiaries of the Funds if Defendant's contributions are not made.  (<u>Id.</u>)  Second, Defendant has not asserted any defense, either by answering the allegations in the complaint or by opposing the present motion for entry of default judgment.  Finally, the Court can find no excuse or reason for Defendant's default other than its own conduct.  Plaintiffs have shown that Defendant was personally served with all of the required documents.  (Doc. No. 3.)  Despite this, Defendant has neither engaged in the litigation process nor offered any reason for its failure to appear.  Therefore, the Court finds that Defendant is personally culpable for its failure to appear and that there is no basis in the record to excuse this conduct.  Accordingly, the Court finds that default judgment is due.

Because default judgment will be entered, "the factual allegations of the complaint,

4

except those relating to the amount of damages, will be taken as true." <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990).  The allegations in the complaint, taken as true, are sufficient to show a violation of ERISA section 515.  <u>See</u> 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with terms and conditions of such plan or such agreement.").

If a court enters judgment in favor of the plan fiduciary, the court shall award (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages provided for under the plan in amount not in excess of twenty percent of the unpaid contributions; (4) reasonable attorney's fees and costs; and (5) other relief the court deems appropriate.  29 U.S.C. § 1132(g)(2).  As damages, Plaintiffs claim to be entitled to an award of $30,100.51, consisting of $466.51 in liquidated damages and interest for the month of April 2011 (Doc. No. 6 ¶¶ 20, 37); $1,057.27 in liquidated damages and interest for the month of May 2011 (<u>Id.</u> ¶¶ 21, 38); $3,195.83 in liquidated damages and interest for the month of June 2011 (<u>Id.</u> ¶¶ 22, 39); $20,649.96 in unpaid contributions for the month of July 2011 (<u>Id.</u> ¶¶ 14, 16, 31, 33); $3,802.94 in liquidated damages and interest for the month of July 2011 (<u>Id.</u> ¶¶ 23-24, 40-41) ; $350.00 in costs; $158.00 in service fees; and $420.00 in attorney's fees (Doc. No. 1 at 6).  The Court finds that the requested award for these categories of damages is properly recoverable under section 1132(g)(2) and the Agreement, as the Agreement provides in pertinent part:

> If the Em ployer shall fail to m ake any contr ibutions to the funds
> when same shall be due and payable, it shall be considered delinquent
> and in breach of this Agreem ent and shall pay as an additional
> amount . . . ten (10) percent of th e amount of the delinquent payment

> . . . plus interest at the  rate of one and one-half (1-1/2) percent per
> month until paid to each Fund.  In  addition, the Em ployer shall be
> liable for the reasonable expenses, i     ncluding attorney fees and
> accountant fees , i ncurred by each f   und in the collection of the
> Employer's contributions.

(Doc. No. 6 at 31; see also id. at 30 (regarding an employer's failure to make contributions to the

International Funds.))

Despite this, the Court finds that Plaintiffs have not sufficiently supported the requested

amount of damages in their submission.  Although Mr. Kauffman's affidavit is accompanied by a

copy of the Agreement and Plaintiffs provided documentary evidence regarding the amount of

the delinquent payment for the month of July 2011, Plaintiffs have failed to provide documentary

evidence regarding the amounts of the delinquent payments for the months of April, May, and

June 2010.  Rather, Mr. Kauffman's affidavit merely states that Defendant's contributions to the

Local and International Funds for each of those months were untimely and that the requested

liquidated damages and interest for those months were assessed pursuant to Section 3 of Article

XV of the Agreement for the Local Funds and pursuant to Section 4 of Article XIV of the

Agreement for the International Funds.  (Doc. No. 6 ¶¶ 20-22, 37-39.)  Thus, the Court cannot

determine if the requested amount of liquidated damages and interest for the months of April,

May, and June 2011 is proper.[3]

_____

[3] For example, Mr. Kauffman's affidavit states:

> Contributions due to the Local  Funds for the mont h of April 2011,
> which wer e due by May 15, 2011, were received June 14, 2011.
> Liquidated damages and interest for the month of April, 2011 were
> assessed by the Local Funds pursuant to Section 3 of Article XV of
> the Agreement.  The am ount of liquida ted dam ages assessed was
> $123.61, and the amount of interest assessed was $18.54.

Further, Plaintiffs have not submitted adequate support to demonstrate its request for attorney's fees is reasonable.  In assessing a request for attorney's fees, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Performing this calculation will provide the "lodestar" figure, which is presumed to be the reasonable fees for the matter.  Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  The party seeking the attorney's fees has the burden to prove that the requested attorney's fees are reasonable, which initially requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed."  Id. at 1183; see also E.E.O.C. v. Fed. Express Corp., 537 F. Supp. 2d 700, 721 (M.D. Pa. 2005) (citing Hensley, 461 U.S. at 433).  An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).  Here, Plaintiffs have not submitted a fee petition from their counsel detailing the hours worked, tasks performed, or support for a claimed hourly rate.  Therefore, Plaintiffs will be required to submit further evidence in support of their claimed attorney's fees.

While Plaintiffs have not adequately supported their claim for the requested amount of damages, the Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine

---

(Doc. No. 6 ¶ 20.)  The Court, however, cannot determine if the amounts of liquidated damages and interest assessed "pursuant to Section 3 of Article XV of the Agreement" are accurate without further documentary evidence regarding the amount of contributions that were due on May 15, 2011.

the amount of damages due, as the requested amounts are computable from the terms of the Agreement and proper documentary evidence. <u>See</u> 10 James Wm. Moore, <u>et al.</u>, <u>Moore's Federal Practice</u> § 55.32[2][c] (Matthew Bender ed. 2010) ("[T]he "hearing" may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue").  As such, Plaintiffs will be required to submit further evidence in support of their claimed damages.  If Plaintiffs are unable to adequately support their claims with further documentary submissions, the Court will schedule an evidentiary hearing on the matter.

**III.    CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiffs' request for default judgment, but will instruct the Clerk of Court to defer entering judgment pending the Court's determination as to the amount of damages to be awarded.  Plaintiffs will be directed to submit further evidence to support the amount of liquidated damages and interest requested and further evidence of the reasonableness of the attorney's fees award.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LESTER KAUFFMAN, as Trustee of the** | : | |
| **Union Trowel Trades Benefit Funds of** | : | |
| **Central Pennsylvania, et al.,** | : | |
| **Plaintiffs** | : | **Civil Action No. 1:11-cv-01746** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **SPECIALTY FLOORING SYSTEMS,** | : | |
| **Inc.,** | : | |
| **Defendant** | : | |

## ORDER

**AND NOW**, on this 6th day of January 2012, upon consideration of Plaintiffs' motion

for default judgment (Doc. No. 6), and for the reasons set forth in the Court's memorandum

opinion filed herewith, **IT IS HEREBY ORDERED THAT:**

1.    Plaintiffs' motion (Doc. No. 6) is **GRANTED**.

2.    The Clerk of Court is directed to defer entering judgment on Plaintiffs' claims pending
the Court's computation of the appropriate amount of attorney's fees.

3.    Plaintiffs **SHALL SUBMIT** further evidence documenting the amounts of contributions
due to the Local Funds and the International Funds for the months of April, May, and
June 2011, which were due May 15, 2011, June 15, 2011, and July 15, 2011,
respectively.  (See Doc. No. 6 ¶¶ 20-22, 37-39.)

5.    Plaintiffs **SHALL SUBMIT** further evidence supporting their request for attorney's fees,
in accordance with the limitations highlighted by the Court's memorandum, within
fifteen (15) days of the date of this order.

   s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania